988 F.2d 128
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Austin F. GOODMAN, Claimant-Appellant,
v.
Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs,
Respondent-Appellee.
 No. 92-7088.
 United States Court of Appeals, Federal Circuit.
 Dec. 22, 1992.
 
 3 Vet.App. 387.
 DISMISSED.
 Before MAYER, Circuit Judge, COWEN, Senior Circuit Judge, and SCHALL, Circuit Judge.
 ON MOTION
 SCHALL, Circuit Judge.
 
 ORDER
 
 1
 The Acting Secretary of Veterans Affairs moves for leave to waive Fed.Cir.R. 27(d) and to dismiss Austin F. Goodman's appeal. Goodman opposes.
 
 
 2
 Goodman served on active duty for training from June 17, 1961 to August 31, 1961. Goodman first filed a claim seeking service-connection for a psychiatric disorder in 1967. In 1968, the Board of Veterans Appeals upheld the regional office's decision denying his claim. Goodman reopened his claims many times subsequently. The Board denied his reopened claims in 1971, 1974, 1975, 1978, 1985, and 1987.
 
 
 3
 In December of 1989, Goodman again sought benefits. The Board denied his claim in March of 1991 stating that Goodman "has not provided new and material evidence with which to reopen and review the prior decision of the BVA." Goodman appealed the Board's decision to the Court of Veterans Appeals. The Court of Veterans Appeals granted the Secretary's motion for summary affirmance stating that the "Court holds as a matter of law that appellant failed to submit new and material evidence sufficient to reopen his claim."
 
 
 4
 In his informal brief, Goodman argues that the Board "failed to take into account" the medical evidence and lay statements he submitted. He argues that his psychiatric disorder was "aggravated by military service."
 
 
 5
 This court has limited authority to review Court of Veterans Appeals' decisions. In the absence of a challenge to the validity of a statute or a regulation, or the interpretation of a constitutional or statutory provision or regulation, this court has no authority to review the issues presented in Goodman's appeal. Livingston v. Derwinski, 959 F.2d 224, 226 (Fed.Cir.1992). Neither Goodman's informal brief nor his opposition contains a challenge to the validity of a statute or regulation, or the interpretation of a constitutional or statutory provision or regulation, that this court may review. Thus, Goodman has not carried his burden of establishing jurisdiction in this court and dismissal is appropriate.
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) The Secretary's motion for leave to waive Fed.Cir.R. 27(d) is granted.
 
 
 8
 (2) The Secretary's motion to dismiss is granted.
 
 
 9
 (3) Each side shall bear its own costs.